940 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert BORSCHELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1521.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1991.
 
 1
 Before JONES and SUHRHEINRICH, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 Robert Borschell, a federal prisoner, appeals pro se from the district court judgment dismissing his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Borschell entered a guilty plea to a charge of possession of phenyle-2-propanone with intent to manufacture methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to ten years imprisonment and four years supervised release. In this motion to vacate, he challenged his conviction on the basis that methamphetamine was not properly scheduled as a controlled substance, and related arguments. The district court adopted the magistrate's recommendation to deny the motion over Borschell's objections.
 
 
 4
 Upon review, this court concludes that the district court correctly denied this motion to vacate. Borschell's arguments are meritless. Twenty-one U.S.C. Sec. 812 provides that, unless specifically excepted, any substance which contains any quantity of methamphetamine is a controlled substance. At the time of his conviction, Vicks Inhaler and Rynal spray were specifically excepted from the schedules of controlled substances pursuant to 21 C.F.R. Sec. 1308.22. However, the plain language of the statute indicates that only these substances were excepted. Borschell's assertion that methamphetamine was necessarily excepted as a result of these two exceptions is not persuasive. His related argument that he was denied fair notice that his conduct was prohibited is accordingly rejected, as is his claim that he was denied equal protection. Finally, his claim that the attorney general improperly delegated his authority to schedule phenyle-2-propanone to the administrator of the Drug Enforcement Agency was rejected by the Supreme Court in a similar case. United States v. Touby, 111 S.Ct. 1752, 1758 (1991).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation